CROSS, Chief Judge.
Jack E. Harrell and Marilyn Harrell, his wife, seek through petition for writ of cer-tiorari review of an order of the State Department of Health and Rehabilitative Services, Division of Social and Economic Services, which required the inclusion of a non-recurring lump sum payment of benefits under the Aid to Families with Dependent Children program (AFDC) as income in calculating petitioners’ food stamp budget. We grant certiorari and quash the order.
Petitioners received the sum of $1,984 in retroactive AFDC benefits in the month of October 1977. This payment was for benefits which should have been made under the AFDC program from January 1977. Upon receipt of these funds, respondent, in calculating petitioners’ food stamp budget to determine the cost to petitioners of a specified amount of food stamps, treated the retroactive benefits as income and averaged or projected them as monthly income over the certification period from October 1977 to March 1978. Petitioners requested a hearing on the issue of treatment of these retroactive benefits as income in determining a food stamp budget. A hearing was held on November 30, 1977. A final order was entered granting in part petitioners’ appeal and declaring that the lump sum payment should be included as income for the month of October 1977 only. This appeal followed.
The sole issue presented for our determination is whether a non-recurring lump sum retroactive payment of AFDC benefits should be included as income in determining a food stamp budget.
7 C.F.R. § 271.3(c)(l)(ii)(e) provides that: [mjonies received from insurance settlements, sale of property (except for property related to self-employment provided for in subdivision (c)(l)(i)(b) of this section), cash prizes, awards, and gifts, inheritances, retroactive lump-sum Social Security or Railroad Retirement pension payments, income tax refunds and similar nonrecurring lump-sum payments .
are to be excluded from income in determining a food stamp budget. Petitioners urge that the nonrecurring lump-sum retroactive AFDC benefits which they received in October 1977 fulfilled the requisites for exclusion from income.
The respondents argue that the retroactive AFDC benefits are income under 7 C.F.R. § 271.3(c)(l)(i)(f), which provides:
Monthly income means all income which is received or anticipated to be received during the month. To compute maximum monthly income for purposes of determining eligibility, income shall mean any of the following but is not limited to:
******
*266 (f) Payments received from federally aided public assistance programs, or other assistance programs based on need;
Respondents urge the view that since the retroactive AFDC benefits are paid for public assistance purposes and are based on need that the same should be includible as income.
We are of the opinion that since the retroactive benefits received by petitioners were in the form of a lump-sum retroactive payment, despite its character as payments under a public assistance program, that the same should have been excluded from ...income. Dean v. Butz, 428 F.Supp. 477 (1977). The provisions of 7 C.F.R. § 271.3(c)(l)(i)(f) most logically apply to periodic payments received under a public assistance program since these payments are available regularly to meet a family’s basic needs. Support for this view can be found in the proposed rules to implement the Food Stamp Act of 1977 issued by the Department of Agriculture and published in 43 Fed.Reg. # 85, page 18889 # 8 (Tues., May 2, 1978), which states:
Lump-sum payments. The Act provides an exclusion “. . . for monies received ... as nonrecurring lump-sum payments.” The House Report notes that the “. . . list of . nonrecurring lump-sum payments is intended to be open ended.” Lump-sum payments made from other programs such as AFDC, are excluded under this provision. While excluded as income, the Act requires that lump-sum payments be counted as a resource when received, unless they are otherwise excluded.
While we realize that the foregoing rule is merely proposed and therefore is not legally binding upon this court, we are of the view that the Department of Agriculture’s own statement should be given great weight in determining the proper interpretation to be given to the provisions of 7 C.F.R. § 271.-3(c)(l)(ii)(e). Therefore, the hearing officer erred when he determined that the nonrecurring lump-sum retroactive AFDC benefits received by petitioners should have been included as income.
Accordingly, we grant certiorari, quash the order of the Department of Health and Rehabilitative Services, and remand for further proceedings consistent with the views herein expressed.
Certiorari granted, order quashed and cause remanded.
ANSTEAD, HARRY LEE, Associate Judge, concurs specially with opinion.
MOORE, JOHN H. II, Associate Judge, dissents without opinion.